IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MATTHEW HOGAN, | § § | |
| *Plaintiff,* | § § | SA-20-CV-00652-DAE |
| vs. | § § § | |
| BEXAR COUNTY, BEXAR COUNTY ADULT DETENTION CENTER, BEXAR COUNTY ADULT DETENTION CENTER ADMINISTRATION, FNU WALKER, BEXAR COUNTY SHERIFF DEPUTY (CHIEF OF DETENTION/ASSISTANT JAIL ADMINISTRATOR); | § § § § § § § § § | |
| *Defendants.* | § | |

## **ORDER**

This order concerns Defendants Bexar County, Bexar County Adult Detention Center, and Bexar County Sheriff Deputy Walker's Motion to Dismiss Plaintiff Matthew Hogan's First Amended Complaint [#33]. All pretrial matters have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#26]. The undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(B).

In in addition to the motion, the undersigned also considered Plaintiff's Response [#38], Defendants' Reply [#39], Plaintiff's Second Amended Complaint [#42], and Defendants' Unopposed Advisory [#43]. For the reasons set forth below, the Court orders that Defendants' Motion to Dismiss [#33] be **DISMISSED WITHOUT PREJUDICE.**

### **I. Background & Procedural History**

Plaintiff Matthew Hogan is an inmate currently house at Travis County State Jail. (Notice of Change of Address [#40].) The instant case was filed on May 28, 2020, when

1

Plaintiff was still a pre-trial detainee at Bexar County Adult Detention Center ("BCADC"). (Compl. [#1].) Plaintiff proceeded *pro se* until he retained Anthony Cantrell as counsel, whose first appearance was September 14, 2020. (Notice of App. [#25].) Subsequent to Plaintiff's retention of counsel, the Court granted Plaintiff leave to file a First Amended Complaint (Sept. 18, 2020 Order [#28]).

In his First Amended Complaint,[1] the live pleading, Plaintiff claims that Defendants deprived him "of his rights" by placing him in administrative segregation from February 10, 2020 until at least October 1, 2020. (Am. Compl. [#30] ¶ 6.) In the live pleading, he asserts claims against Defendants for negligence, gross negligence, and for violations of the ABA Criminal Justice Standards 23-3.6(a),(b), 23-3.7(c) and 23-3.8(b)(c). (*Id.* at ¶¶ 13–14.) Plaintiff asks for monetary damages. (*Id.* at ¶¶ 17–18.)

The motion before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, which argues the case should be dismissed for lack of jurisdiction and for failure to state a claim. In Plaintiff's Response to this motion, he requests that his civil rights claim be construed as a claim pursuant to 42 U.S.C. § 1983, and not, as he pleaded, under the ABA Criminal Justice Standards. (Pl. Resp. [#38], at 2.) Plaintiff also indicates that he wishes to abandon his claim for monetary damages on his civil rights claim, and clarifies he is only requesting declaratory and injunctive relief on these claims. (*Id.*) In their Reply, Defendants argue that Plaintiff's request for injunctive relief under Section 1983 is moot because, as of October 26, 2020, he is no longer housed in administrative segregation at BCDAC. (Def. Reply [#39] ¶ 5.)

---

[1] Plaintiff mistakenly styled his First Amended Complaint as a "Fourth Amended Complaint."

Plaintiff has also filed a Second Amended Complaint [#42]—without first seeking leave to do so. The Second Amended Complaint clarifies that he is invoking Section 1983 with regard to his civil rights claims. But contrary to what he indicated in his response, Plaintiff now states that he is no longer seeking any declaratory or injunctive relief, just monetary damages. (Second Am. Compl. [#42], at 5–6.) Defendants filed an Unopposed Advisory informing the Court that counsel for the parties discussed the status of Defendants' Motion to Dismiss in light of the Second Amended Complaint. (Advisory [#43], at 2.) The parties "agree[d] that Plaintiff's Second Amended Complaint does not present new allegations that render moot Defendants' Motion to Dismiss." (*Id.*) Defendants asks that the Court, if it considers the Second Amended Complaint to be the live pleadings in the case, construe their arguments in the Motion to Dismiss to the viability of the claims in the Second Amended Complaint or order Defendants to file a Response to the Second Amended Complaint.

Although Plaintiff did not seek leave of the Court before filing a Second Amended Complaint, the Court will grant Plaintiff leave to file it. *See* Fed. R. Civ. P. 15 (a)(2) ("The court should freely give leave when justice so requires.")

But given Plaintiff has changed course in terms of both the relief he is seeking and the underlying legal basis for his claims, the Court disagrees with the parties that the arguments in Defendants' Motion to Dismiss Plaintiff's First Amended Complaint can be applied to the Second Amended Complaint. The Court will therefore dismiss the pending motion, and requests that Defendants file an amended motion tailored to the causes of action asserted and relief requested in the Second Amended Complaint.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint [#33] is **DIMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Defendants should file a responsive pleading to Plaintiff's Second Amended Complaint on or before **May 13, 2021.**

SIGNED this 29th day of April, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE