IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DIVISION

| | | |
|---|---|---|
| MATTHEW HOGAN | § | |
| | § | |
| *Plaintiff,* | § | SA-20-CV-652-DAE |
| | § | |
| vs. | § | |
| | § | |
| BEXAR COUNTY, BEXAR COUNTY | § | |
| DETENTION CENTER, and DEPUTY | § | |
| CHIEF JOEL JANSSEN, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

This order concerns Plaintiff Matthew Hogan's Motion for Leave to File Plaintiff's Third Amended Complaint [#47], Plaintiff's Motion to Extend Scheduling Order Deadlines [#48], and Plaintiff's Motion for Leave to File Plaintiff's Fourth Amended Complaint [#50]. All pre-trial matters have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#26]. The undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(B).

In addition to the motions, the undersigned has also considered Defendants' Responses [#49, #51, #52]. For the reasons set forth below, the Court will **dismiss** Plaintiff's motion for leave to file a third amended complaint as moot [#47] and **deny** Plaintiff's request to file a fourth amended pleading and to extended scheduling order deadlines [#48, #50].

## I. Background & Procedural History

Plaintiff Matthew Hogan is an inmate currently housed at the Luther Unit Jail in Navasota, Texas. (Notice of Change of Address [#46].) The instant case was filed on May 28, 2020, when Plaintiff was still a pre-trial detainee at Bexar County Adult Detention Center

1

("BCADC").   (Compl. [#1].)   Plaintiff proceeded *pro se* until he retained Anthony Cantrell as counsel, whose first appearance was September 14, 2020.  (Notice of App. [#25].)  Subsequent to Plaintiff's retention of counsel, the Court granted Plaintiff leave to file a First Amended Complaint (Sept. 18, 2020 Order [#28]).   The Court also entered a Scheduling Order by agreement of the parties, which set the deadline to amend pleadings by February 12, 2021, and the deadline to complete discovery by April 12, 2021 [#34].  Defendants then filed a Motion to Dismiss the First Amended Complaint.

Plaintiff subsequently filed a Second Amended Complaint [#42] on February 12, 2021, without first seeking leave to do so.  The Court accepted this Complaint as the new live pleading, dismissed Defendants' Motion to Dismiss, and requested that Defendants file an amended motion tailored to the Second Amended Complaint [#44].   Plaintiff's Second Amended Complaint alleges a 42 U.S.C. § 1983 claim for monetary damages against all Defendants for allegedly retaliating against him for filing his first civil suit (5:19-cv-255-DAE) by placing him in administrative segregation and denying him various privileges.  Defendants promptly filed a Motion to Dismiss Plaintiff's Second Amended Complaint.

In a two-week span in late June and early July 2021, Plaintiff filed three motions:  a Motion for Leave to File a Third Amended Complaint, a Motion for Leave to Extend the Scheduling Order Deadlines, and a Motion for Leave to File a Fourth Amended Complaint.  The Court will dismiss the Motion for Leave to File a Third Amended Complaint as moot because it has been superseded by Plaintiff's Motion for Leave to File a Fourth Amended Complaint, and consider Plaintiff's other two motions.

Plaintiff argues that he should be granted leave to amend his pleadings and the scheduling order because Plaintiff's counsel recently became aware that Plaintiff was allegedly assaulted by

jail officials in BCDAC in October 2020.  Plaintiff sent a letter describing the incident to his counsel in October 2020, but counsel allegedly never received it.  Plaintiff's counsel implies (without evidence) that Defendants are to blame for the loss of the letter.  He also claims that it was otherwise difficult to reach Plaintiff to learn about this incident before the amendment deadline expired because Plaintiff has been moved to four different facilities in the past year, because letters from Plaintiff have been delayed weeks, and because of the COVID-19 pandemic.  Plaintiff further argues that discovery should be extended because Plaintiff's counsel recently became aware that a psychological evaluation of Plaintiff completed on March 21, 2019 at BCADC was not disclosed to Plaintiff's counsel.

### III. Analysis

A party may only amend a scheduling order or a pleading after the scheduling order deadline "for good cause and with the judge's consent."  *Olivarez v. T-mobile USA, Inc*., 997 F.3d 595, 602 (5th Cir. 2021) (internal quotation omitted); *see* Fed. R. Civ. P. 16(b)(4).  The good cause standard requires a showing by the movant that "the deadlines cannot be reasonably met despite the diligence of the party needing the extension."  *Olivarez*, 997 F.3d at 602.  "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply," *S&W Enter., LLC, v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003), which states that leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).

Plaintiff fails to show the diligence required to meet the good cause standard for leave to amend the scheduling order and his pleadings after the deadline.  The Court has already granted Plaintiff two opportunities to amend his complaint, once in September 2020 and again in February 2021.  Now, his untimely request is not due to new information, but rather to a lack of

3

communication between Plaintiff and his counsel.  Plaintiff has known about the alleged assault since October 2020.  Though it is unfortunate that the letter Plaintiff sent allegedly did not reach his counsel, there was time between October 2020 and the February 2021 amendment deadline for Plaintiff and counsel to discuss the alleged incident.  As for Plaintiff's argument regarding the lack of disclosure of a 2019 psychological evaluation, Plaintiff does not explain how this evaluation would be relevant to his claims.  Plaintiff has failed to show good cause for leave to amend his pleadings and the scheduling order in this case.

**IT IS THEREFORE ORDERED** that Plaintiff Matthew Hogan's Motion for Leave to File Plaintiff's Third Amended Complaint [#47] is **DISMISSED AS MOOT.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Scheduling Order Deadlines [#48] and Plaintiff's Motion for Leave to File Plaintiff's Fourth Amended Complaint [#50] are **DENIED**.  The live pleading in this case is Plaintiff's Second Amended Complaint [#42].

SIGNED this 25th day of August, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE