IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MATTHEW HOGAN, | § | |
| | § | |
| *Plaintiff,* | § | SA-20-CV-00652-DAE |
| | § | |
| vs. | § | |
| | § | |
| BEXAR COUNTY, BEXAR COUNTY | § | |
| ADULT DETENTION CENTER, | § | |
| BEXAR COUNTY SHERIFF DEPUTY | § | |
| WALKER, | § | |
| | § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge David A. Ezra:**

This Report and Recommendation concerns Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint [#45]. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#26]. The undersigned has authority to enter a recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

In addition to the motion, the undersigned also considered Plaintiff's Second Amended Complaint [#42], Plaintiff's Response to the Motion to Dismiss [#51], and Defendants' Reply [#52]. For the reasons set forth below, the undersigned **recommends** that the Court **grant** Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint [#45].

### I. Background and Procedural History

Plaintiff Matthew Hogan is a convicted inmate currently housed at the Luther Unit Jail in Navasota, Texas. (Notice of Change of Address [#46].) The instant case was filed on May 28, 2020, when Plaintiff was a pre-trial detainee at Bexar County Adult Detention Center

("BCADC").  (Compl. [#1].)  Plaintiff proceeded *pro se* until he retained Anthony Cantrell as counsel, whose first appearance was September 14, 2020.  (Notice of App. [#25].)  Subsequent to Plaintiff's retention of counsel, the Court granted Plaintiff leave to file a First Amended Complaint (Sept. 18, 2020 Order [#28]).  Defendants then filed a Motion to Dismiss the First Amended Complaint.

Plaintiff thereafter filed a Second Amended Complaint [#42] on February 12, 2021, without first seeking leave to do so.  The Court accepted this Complaint as the new live pleading, dismissed Defendants' Motion to Dismiss, and requested that Defendants file an amended motion tailored to the Second Amended Complaint [#44].  Defendants promptly filed a Motion to Dismiss Plaintiff's Second Amended Complaint.  Plaintiff later filed various motions for leave to amend his pleadings and the scheduling order in this case, but the undersigned dismissed and denied those motions in an Order dated August 25, 2021 [#53].

Plaintiff's Second Amended Complaint alleges that Defendants Bexar County ("the County"), BCDAC, and Chief Deputy Walker ("Deputy Walker") violated Plaintiff's civil rights under 42 U.S.C. § 1983 and breached the ordinary duty of care by placing him in administrative segregation and restricting his privileges, including out-of-cell time, television privileges, commissary menu options, access to betterment programs, and access to the law library. (Second Am. Compl. [#42] ¶ 6).   Plaintiff claims that he was subjected to these disciplinary actions without being found guilty of a disciplinary offense; rather, he alleges that Defendants retaliated against him for filing his first civil suit against them, *Hogan v. Salazar et al.*, 5:19-cv-00255-DAE-ESC ("*Hogan I*").  (Second Am. Compl. [#42] ¶ 9.)

Plaintiff claims that the placement and restrictions started in February 2020, and while he does not specify when they ended, the alleged violations must have ended by October 2020,

when Plaintiff was transferred to Travis County Detention Center.  (Plaintiff Advisory [#37].) Plaintiff alleges that he suffered "great physical and mental pain, suffering, and mental distress" from Defendants' actions.  (Second Am. Compl. [#42] ¶ 17.)  Plaintiff's requested relief is damages for medical care and physical and mental pain and suffering, exemplary damages for gross negligence, and $5,000,000 for the Section 1983 violations.  (*Id*. at ¶ 18, 19, 23.)

The motion before the Court is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint [#45] for lack of subject matter jurisdiction and failure to state a claim.

## II. Legal Standard

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject-matter jurisdiction of the district court to hear a case.  *See* Fed. R. Civ. P. 12(b)(1); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  When a court's subject matter jurisdiction is factually attacked, the court may consider matters outside of the pleadings. *Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. 1981).  Where a motion to dismiss for lack of jurisdiction is limited to a facial attack on the pleadings, as here, however, it is subject to the same standard as a motion brought under Rule 12(b)(6).  *See Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).  In facial attacks, the court must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *O'Rourke v. United States*, 298 F. Supp. 2d 531, 534 (E.D. Tex. 2004) (applying this standard to Rule 12(b)(1) motion).  The burden of establishing federal jurisdiction rests on the party seeking the federal forum.  *Ramming*, 668 F.3d at 161.

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Generally, in deciding a motion to dismiss under Rule 12(b)(6), a court may not look beyond the four corners of the Plaintiff's pleadings without converting the motion to a motion for summary judgment. *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir. 1999); Fed. R. Civ. P. 12(d). The Court may, however, consider documents attached to the complaint and those that are central to the claims at issue and incorporated into the complaint by reference. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court may also consider matters of public record. *See Norris v. Hearst Trust*, 500 F.3d 454, 469 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.")

In reviewing a 12(b)(6) motion, a court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotation omitted). However, a Court need not credit conclusory allegations or allegations that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. At Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678). In short, a claim should not be dismissed unless the court determines that it is beyond

4

doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief.  *See Twombly*, 550 U.S. at 570.

### III. Analysis

In his Second Amended Complaint ("the live pleading"), Plaintiff asserts both federal civil rights claims pursuant to 42 U.S.C. § 1983 and various tort claims arising under Texas law. Defendants have moved to dismiss all of Plaintiff's claims  For the reasons that follow, the undersigned finds that: (1) Plaintiff's Section 1983 claims should be dismissed under Rule 12(b)(6) for failure to state a claim; and (2) Plaintiff's tort claims are barred by the Texas law doctrine of governmental immunity and should be dismissed under Rule 12(b)(1).

**A.     Plaintiff's Section 1983 claims should be dismissed against Deputy Walker and the County.**

Plaintiff pleads the same civil rights violations against both the County and Deputy Walker in his official capacity.  Defendants argue Plaintiff's Section 1983 claims should be dismissed because he fails to allege sufficient facts to give rise to the County's municipal liability under Section 1983, and his claims against Deputy Walker in his official capacity should be dismissed as duplicative of his municipal claims.  The undersigned agrees, and the District Court should dismiss all of Plaintiff's Section 1983 claims.

A federal claim against a county employee in his official capacity is the equivalent of a claim made against the county.  *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n.55 (1978).  Where a plaintiff's claims against both a public officer in his official capacity and the public entity for which he works are identical, these claims "essentially" merge and the court may dismiss the claims against the public official as redundant. *Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 485 (5th Cir. 2000); *see also Flores v.*

*Cameron Cty.*, 92 F.3d 258, 261 (5th Cir. 1996).  The District Court should therefore dismiss as duplicative Plaintiff's Section 1983 claims against Deputy Walker in his official capacity.

The Court should also dismiss Plaintiff's Section 1983 claims against the County because Plaintiff has failed to plead sufficient facts in support of these claims.  Records from Plaintiff's criminal case underlying his detention establish that both the Eighth and Fourteenth Amendments are implicated by Plaintiff's Section 1983 claims.[1]  The alleged violations of Plaintiff's civil rights began in February 2020, when he was still a pretrial detainee, but continued after he was convicted and sentenced in July 2020.

Pretrial detainees and convicted inmates look to different constitutional provisions for their respective rights to basic needs such as medical care and safety.  *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996).  The constitutional rights of an inmate spring from the Eighth Amendment prohibition on cruel and unusual punishment and a limited right to substantive due process.  *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  The constitutional rights of a pretrial detainee come from both the procedural and substantive due process guarantees of the Fourteenth Amendment.  *Id.* (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)).

Claims alleging the deprivation of Eighth or Fourteenth Amendment rights by a municipality or county are categorized as either a constitutional violation involving (1) a condition of confinement, or (2) an episodic act or omission.  *See Hare*, 74 F.3d at 644–45. Conditions of confinement cases involve "general conditions, practices, rules, or restrictions of []

---

[1]  The Court takes judicial notice of the procedural history of Plaintiff's criminal case underlying his detention, which establishes that he was convicted on July 29, 2020, and he is currently serving his sentence.  Bexar County Case Number 2017-CR-13464.  *See Norris*, 500 F.3d at 469 n.9 ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

confinement." *Id.* at 644.  Cases that concern episodic acts or omissions involve "a particular act or omission of one or more officials," and "an actor usually is interposed between the detainee and the municipality."  *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997) (en banc).  Because Plaintiff complains of his placement in administrative segregation and restrictions of his privileges, his is a conditions-of-confinement claim.  Plaintiff has not pleaded facts that could give rise to the County's liability under this theory.

The requirements to sufficiently state a conditions-of-confinement claim differ depending on whether the claim arises under the Eighth or Fourteenth Amendment.  Under the Eighth Amendment, Plaintiff must plead facts that could show that a condition of his confinement was deficient to a degree "so serious as to deprive [him] of the minimal civilized measure of life's necessities," and prison officials are "deliberately indifferent to inmate health of safety."  *Wood v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995).  Under the Fourteenth Amendment, the proper inquiry is whether those conditions amount to punishment of the detainee.  *Garza v. City of Donna*, 922 F.3d 626, 632 (5th Cir. 2019).  "If a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'"  *Bell*, 441 U.S. at 539.  On the other hand, "if a restriction or condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees."  *Id*.

Here, the undersigned evaluates Plaintiff's claim under the Fourteenth Amendment's standard, as it is a less stringent pleading standard than the Eighth Amendment standard.  If Plaintiff has failed to sufficiently plead a conditions-of-confinement claim under the Fourteenth Amendment, he will have also failed to plead an Eighth Amendment claim as well.  The question

before the undersigned, then, is whether Plaintiff has sufficiently pleaded that the conditions and restrictions of which Plaintiff complains were punitive, because the State may not punish pretrial detainees.  *See Bell*, 441 U.S. at 535.

Plaintiff complains of being placed in administrative segregation for several months, during which he was limited to one hour of out-of-cell time per day, denied television privileges, given a restricted commissary menu, and denied access to betterment programs.[2]  Plaintiff argues that he was subjected to such treatment in retaliation for the previous civil case he filed against the County, BCDAC, and various jail officials, in *Hogan I*.  Placement in administrative segregation and restriction of privileges alone, however, are not automatically punitive if imposed for a legitimate purpose.  *See Garza*, 922 F.3d at 632.  Rather, for his pleadings to survive a motion to dismiss, Plaintiff must sufficiently show that the County imposed these restrictions as punishment. Defendants argue that Plaintiff has failed to plead sufficient facts that could plausibly show  that the County acted in retaliation for *Hogan I*. The undersigned agrees with Defendants.

Plaintiff filed his first complaint in *Hogan I* in March 2019, eleven months before he was placed in administrative segregation at BCDAC. (*Hogan I*, Compl. [#1].)  In October 2019, Plaintiff filed an emergency motion in which he stated his placement in the general jail population posed a threat to his safety.  (*Hogan I*, Mtn. for Restraining Order [#43].)  The County subsequently transferred him to Kerr County, and the Court dismissed the motion as moot.  (*Hogan I*, Order [#61].)  In November 2019, Plaintiff filed another emergency motion in

---

[2] Plaintiff also alleges that he was denied access to the law library on multiple occasions.  To sufficiently plead this claim, a plaintiff must demonstrate "that his position as a litigant was prejudiced by his denial of access to the courts."  *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996).  Plaintiff complains only that he was denied access to the law library and does not allege if and how he was prejudiced from accessing *the courts* by this alleged denial.  Thus, he has failed to properly plead this claim.

which he asked for a restraining order to ensure he would never have to return to BCDAC because he "was in danger physically" there.  (*Hogan I*, Mtn. for Restraining Order [#65].)  The Court denied Plaintiff's motion.  (*Hogan I*, Order [#73]).  Plaintiff was later transferred to Karnes County, (*Hogan I*, Notice [#82]), and then back to BCDAC (*Hogan I*, Notice [#83]).  In February 2020, Plaintiff filed another emergency motion to be removed from BCDAC, stating that he feared for his safety as unnamed inmates threated to injure him because he is a "snitch." (*Hogan I*, Mtn. [#84] & Supporting Stmt. [#85].)  In February 2020, the Court again denied Plaintiff's motion, explaining that "Defendants have placed [Plaintiff] in a single-man cell and provided him with dayroom hours that do not coincide with those of other inmates, all to protect [Plaintiff] from any perceived threats from other inmates." (*Hogan I*, Order [#88], at 6.)

February 2020 is also when Plaintiff alleges that he began to suffer injuries from placement in administrative segregation in this lawsuit.  Accordingly, the docket in *Hogan I* establishes that the reason for Plaintiff's placement in single-cell administrative segregation was not punishment but due to his repeated complaints that he feared for his safety in the general population of BCADC.  Where a pretrial detainee has been placed in administrative segregation out of concerns for his safety, any alleged injuries from this condition of confinement cannot be grounds for a constitutional claim, as the condition is not punitive but rather has a valid penological purpose.  *See e.g.*, *Bonner v. Alford*, 594 F. App'x 266, 267 (5th Cir. 2015); *Perez v. Anderson*, 350 F. App'x 959, 962 (5th Cir. 2009).

Plaintiff has not pleaded any other facts that support his general allegation that he was placed in administrative segregation as punishment, and the docket of *Hogan I* directly contradicts Plaintiff's claim to that effect.  Plaintiff has therefore failed to plead a plausible claim

of a violation of his Fourteenth or Eighth Amendment rights based on any unconstitutional condition of confinement in BCADC, and these claims should be dismissed.

Defendants also argue that Plaintiff's claims should be dismissed because 42 U.S.C. § 1997e(e) prohibits recovery of compensatory damages where a plaintiff fails to allege a physical injury.  In light of the foregoing, the undersigned need not address this argument.

**B.     The Court should also dismiss Plaintiff's tort claims because they are barred by governmental immunity.**

Plaintiff purports to sue Defendants for negligence and gross negligence.  Defendants ask the Court to dismiss these claims for lack of subject matter jurisdiction, arguing Plaintiff's tort claims are barred by governmental immunity.  In his response to Defendants' motion, Plaintiff says he is dropping his tort claims, as reflected in his proposed Fourth Amended Complaint. Although the Court declined to permit Plaintiff to file his Fourth Amended Complaint, the Court interprets Plaintiff's response as indicating the withdrawal of these claims.  For the District Court's benefit, however, the undersigned will briefly address Defendants' jurisdictional argument.

Although Plaintiff uses the language of negligence and gross negligence in reference to his tort claims, he complains of intentional acts by Defendants: placing him in administrative segregation and restricting his privileges.  Plaintiff does not plead any facts that could be interpreted as alleging negligence on the part of any Defendant.  Accordingly, the undersigned construes his pleadings as alleging intentional torts under Texas law.

The Texas Tort Claims Act (TTCA) provides a limited waiver of governmental immunity for negligence claims.  Tex. Civ. Prac. & Rem. Code § 101.021.  The TTCA does not waive governmental immunity, however, for intentional tort claims.  Tex. Civ. Prac. & Rem. Code §

101.057(2).  Therefore, Plaintiff tort claims are barred by governmental immunity and should be dismissed.

### IV. Conclusion and Recommendation

Accordingly, having considered Defendants' motion, the responses and replies thereto, the live pleadings, and the governing law, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss [#45] be **GRANTED** as set forth herein.

### V.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal

conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415,

1428–29 (5th Cir. 1996) (en banc).

      SIGNED this 3rd day of September, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

12